LOCAL UNION NO. 742, UNITED BROTHERHOOD OF CARPENTERS AND JOINERS OF AMERICA, Petitioner,

v.

NATIONAL LABOR RELATIONS BOARD, Respondent.

No. 20451.

United States Court of Appeals District of Columbia Circuit.

Argued Feb. 10, 1967.

Decided March 16, 1967.

Mr. Bernard M. Mamet, Chicago, Ill., with whom Mr. Francis X. Ward, Washington, D. C., was on the brief, for petitioner.

Mrs. Nancy M. Sherman, Atty., N. L. R. B., with whom Messrs. Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, and Marcel Mallet-Prevost, Asst. Gen. Counsel, N. L. R. B., were on the brief, for respondent.

Before FAHY, BURGER and ROBINSON, Circuit Judges.

PER CURIAM:

In unfair labor practice proceedings under Section 10 of the National Labor Relations Act,[1] the Trial Examiner initially, and thereafter the Board, with substantial supporting evidence in the record as a whole, found that Local Union No. 742 caused an employer to refuse further employment to Robert Reinero, discharging him, in violation of Section 8 (b) (1) (A) and (2) of the Act.

The essential circumstances are that Reinero was an accredited apprentice millwright. Not being a member of the Local, however, he was required to have a permit from the Local to continue the employment here involved.[2] Renewal of such a permit was refused by the Local's Business Agent, thus, because of an understanding between the Local and the employer, causing his discharge. This would not have occurred as it did had Reinero been a member of or held an

---

1. 61 Stat. 146, as amended, 29 U.S.C. § 160.

2. Reinero came to Local Union No. 742 in Decatur, Illinois, as a member of Local Union No. 1235, Modesto, California. The constitution of the United Brotherhood of Carpenters and Joiners of America states,

"A member who desires to work in another jurisdiction and who does not wish to transfer membership, shall before going to work, secure a Working Permit in writing from the Local Union or District Council in the jurisdiction where work is secured."

apprentice's permit issued by the Local. The evidence justified, as we have said, findings to the above effect, and it was within the Board's competence to conclude that in this manner the section of the Act referred to was violated by the Local. Moreover, the remedy prescribed by the Board is appropriate to the nature of the violation found.

The Local contends the Board erred in rejecting the Local's contention before the Board that it was deprived of a full and fair hearing. The contention rests upon the failure of the Trial Examiner to apprise the Business Agent of the nature of the proceedings, the possible result, and the probable need for counsel.

The complaint apprised the Local of the nature of the proceedings. There is nothing whatever to indicate the Local was not aware of their nature and possible consequences, or of its right to be represented by counsel as provided in the Board's Rules and Regulations. Series 8, 29 C.F.R. § 102.38. At the opening of the hearing the Trial Examiner asked counsel and "other representatives for the parties" to state their names. For the Local, its Business Agent answered, "We have none." The Trial Examiner asked, "You have no counsel?" The Business Agent responded, "Right, we do not have counsel." Then the Trial Examiner inquired: "And you, sir, are the representative?" The Business Agent answered, "I am."

There was no denial of the right to counsel, rather a choice of the Local to be represented by its Business Agent, as was also its right. Administrative Procedure Act, § 6(a), 60 Stat. 240, 5 U.S.C. § 1005(a); Board's Rules and Regulations, Series 8, 29 C.F.R. § 102.38. Counsel for the Local cites us no civil or administrative case in support of his contention.

We think the case raises no tenable issue of due process of law.[3]

The petition of the Local is denied and the order of the Board is enforced.

---

3. The Local has been represented by counsel since the Trial Examiner issued his decision.